**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1 SW Columbia Street, Ste. 900
Portland, Oregon 97204
Telephone: (503) 221-1772
Fax: (503) 221-1074
       Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS JOINT APPRENTICESHIP AND JOURNEYMAN TRAINING FUND, TRUSTEES OF THE WESTERN GLAZIERS RETIREMENT FUND, TRUSTEES OF THE GLAZING INDUSTRY PROMOTION FUND and GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL 740, | Civil No. _____ <br><br> **COMPLAINT** (Breach of Collective Bargaining Agreement, Violation of ERISA and Conversion) |
|      Plaintiffs, | |
| v. | |
| DON'S A-1 GLASS INC, | |
|      Defendant. | |

Plaintiffs allege:

///    ///

Page 1 – **COMPLAINT**

I

**THE PARTIES**

1.      Plaintiffs are the Trustees of the Glaziers, Architectural Metal and Glass Workers Joint Apprenticeship and Journeyman Training Fund (Training Fund), the Western Glaziers Retirement Fund (Pension Fund), the Glazing Industry Promotion Fund (Promotion Fund) (collectively, "Trust Funds") and the Glaziers, Architectural Metal and Glass Workers Local 740 (Union).

2.      The Training Fund and Pension Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Training Fund and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Training Fund and Pension Fund have discretionary authority and control over the management of the said funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3.      The Union is a labor organization with its principal office and place of business in Portland, Oregon.

4.      Defendant is an Oregon corporation. At all times material to this proceeding (August 2021, to date), defendant been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

Page 2 – **COMPLAINT**

II

## JURISDICTION

5.      The Court has jurisdiction over the Claims for Relief brought against defendant

for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29

U.S.C. § 1132(e)(1) of ERISA.

6.      At all times material to this proceeding (August 2021, to date), defendant has

been bound by a collective bargaining agreement with the Union as described below. The

collective bargaining agreement covers employees in an industry affecting commerce, and the

activities of defendant affect commerce. The Court has jurisdiction over the Claims for Relief

brought by each plaintiff against defendant pursuant to the provisions of 29 U.S.C. § 185(a) of

the LMRA.

III

## JOINDER

7.      The obligations of defendant to plaintiffs arise out of the same collective

bargaining agreement. Common questions of law and fact govern the claims each plaintiff has

against defendant.

IV

## FACTUAL BACKGROUND

8.      At all times material herein (August 2021, to date), defendant has been bound by

a written collective bargaining agreement with the Union. Under the terms of the collective

bargaining agreement, defendant agreed to be bound by the terms and conditions of the Trust

Agreements that created the Trust Funds. Defendant further agreed to pay fringe benefit

contributions and union dues on behalf of its employees performing work covered by the

Page 3 – **COMPLAINT**

collective bargaining agreement. Defendant further agreed to file monthly remittance report forms and to pay the contributions and dues to plaintiffs by the 20th day of the month following the month in which the work was performed.

9.      The Trust Agreements that created the Trust Funds provide that, in the event a signatory employer fails to timely pay its contributions, interest shall be assessed on the delinquent or late-paid contributions at the rate of 12% per annum from the due date, until paid. The Union is entitled to recover interest on delinquent or late-paid dues at the rate of 9% per annum from the due date, until paid, pursuant to ORS 82.010.

10.     The Trust Agreements that created the Trust Funds provide that, in the event a signatory employer fails to timely pay its contributions, liquidated damages shall be assessed in amount equal to 10% of the delinquent or late-paid contributions, or $20.00, whichever amount is greater.

11.     The collective bargaining agreement provides that each signatory employer must pay, in the form of vacation contributions, 7.6% of all straight-time earnings for its employees' compensable hours worked up to a maximum of 40 hours per week. Those funds are to be deposited as vacation pay into a credit union on behalf of each individual employee of the signatory employer; in this case, defendant. The Union is the exclusive bargaining representative for its members for purposes of collecting these vacation contributions. As such, the Union has the authority and standing to collect the vacation contributions on behalf of defendant's employees.

12.     The collective bargaining agreement provides that the vacation contributions are due by the 20th day of the month following the month in which the work is performed. The collective bargaining agreement further provides that, if the vacation contributions are not timely

Page 4 – **COMPLAINT**

paid, interest shall be assessed thereon at 12% per annum from the due date, until paid, and that liquidated damages shall be assessed in amount equal to 10% of the delinquent or late-paid contributions, or $20.00, whichever amount is greater.

V

**FIRST CLAIM FOR RELIEF**

13.     Defendant has failed to file its remittance report forms for the months of October 2022 through January 2023, and the time therefore has expired. Defendant should be required to file said remittance report forms, together with all report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Trust Funds and to the Union (in its capacity as the exclusive bargaining representative for its members for purposes of collecting vacation contributions).

14.     The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant pursuant to the terms of the Trust Agreements.

15.     The Trustees of the Pension Fund and Training Fund are also entitled to recover a reasonable attorneys' fee from defendant pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

///      ///

////     ///

BROWNSTEIN | RASK LLP
1 SW COLUMBIA STREET // SUITE 900
PORTLAND, OR 97204
P 503.221.1772 F 503.221.1074

VI

## SECOND CLAIM FOR RELIEF

16.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 15, above.

17.    Defendant failed to timely pay its fringe benefit contributions for the months of August 2021 through September 2022, and as a result owes $7,972.74 in liquidated damages and $1,797.08 in interest to plaintiffs.

18.    The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from defendant pursuant to the terms of the Trust Agreements that govern the Trust Funds, and pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1.    Requiring defendant to file its remittance report forms for the months of October 2022 through January 2023, together with all report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Trust Funds and to the Union (in its capacity as the exclusive bargaining representative for its members for purposes of collecting vacation contributions);

2.    Requiring defendant to pay $7,972.74 in liquidated damages and $1,797.08 in interest to plaintiffs;

BROWNSTEIN | RASK LLP
1 SW COLUMBIA STREET // SUITE 900
PORTLAND, OR 97204
P 503.221.1772 F 503.221.1074

3.      Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records in order to ensure that all required fringe benefit contributions have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the delinquent fringe benefit contributions found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

4.      Requiring defendant to pay a reasonable attorneys' fee to the Trust Funds;

5.      Requiring defendant to pay plaintiffs' costs and disbursements incurred herein; and

6.      For such further equitable relief as the Court deems just and proper.

DATED this 16th day of March 2023.

BROWNSTEIN RASK, LLP

Cary R. Cadonau, OSB # 002245
Attorney for Plaintiffs

Page 7 – **COMPLAINT**